IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES L. STILLWELL, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| VS. | : | **1: 15-CV-92 (WLS)** |
| | : | 28 U.S.C. § 2255 |
| | : | **1: 13-CR-33 (WLS)** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 was filed June 8, 2015. (Doc. 49). After an initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court ordered the United States Attorney to file an Answer or other responsive pleading on June 10, 2015. (Doc. 50). On June 11, 2015, Respondent filed a Response that it did not oppose the holding of an evidentiary hearing, and requested the opportunity to further brief the issue on the merits following the evidentiary hearing. (Doc. 51). The next day, the undersigned ordered Respondent to brief the issues contained in Petitioner's Motion to Vacate, as it did not appear clear to the Court that an evidentiary hearing was warranted. (Doc. 52). Respondent filed its brief on July 9, 2015. (Doc. 53).

Petitioner's Motion is now before this Court for a recommendation pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings. Petitioner has not replied to the Government's July 9, 2015 Response.

**Procedural History**

Petitioner was indicted in this Court on July 10, 2013. (Doc. 1). The indictment charged Petitioner with one count of possession of a firearm/ammunition by a convicted felon, and two counts of possession of a firearm by a convicted felon. (Doc. 1). Retained counsel, Keith Eric Fitzgerald, represented Petitioner. (Doc. 10). On November 15, 2013, Petitioner entered into a Plea Agreement with the Government and pleaded guilty to Count One of the Indictment, possession of a firearm by a convicted felon. (Docs. 20, 21). Petitioner was sentenced to a total term of imprisonment of 108 months. (Docs. 29, 30).

Petitioner filed a Notice of Appeal on March 12, 2014. (Doc. 32). On November 19, 2014, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss Petitioner's appeal pursuant to the waiver in his plea agreement. (Doc. 48).

**Petitioner's § 2255 Claims**

In his § 2255 motion, Petitioner alleges that (1) Mr. Fitzgerald rendered ineffective assistance of counsel when Mr. Fitzgerald incorrectly advised Petitioner that the appeal waiver would not prevent him from appealing errors in the guidelines calculations; and (2) the Court incorrectly calculated the guideline range. (Doc. 49).

**Discussion**

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or

correct the sentence.

28 U.S.C. § 2255. If a prisoner's 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

*Evidentiary Hearing*

The Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989). The Court is not required to hold an evidentiary hearing, however, where the record makes "manifest the lack of merit of a Section 2255 claim." *U.S. v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. U.S.*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. U.S.*, 588 F.2d 519 (5th Cir. 1979)). The record herein is sufficient to show that Petitioner's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record.

*Ground One: Ineffective Assistance of Counsel*

Petitioner asserts that Mr. Fitzgerald rendered ineffective assistance when Mr. Fitzgerald "incorrectly" advised Petitioner that the appeal waiver contained in Petitioner's plea agreement

would not prevent Petitioner from appealing errors in sentencing guidelines calculations. (Doc. 49). Petitioner asserts that he accepted the plea agreement because of this advice. *Id.*

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Petitioner "bears the heavy burden of proving his ineffective-assistance-of-counsel claim by a preponderance of the evidence." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) (citing *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001)).

To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Chandler v. U.S.*, 218 F.3d 1305, 1313-14 (11th Cir. 2000). There is a strong presumption in place that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). As such, a court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (internal quotations omitted). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have produced a different result. *Weeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

If a defendant fails to establish that he suffered prejudice as a consequence of the alleged

4

ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). The *Strickland* court stated that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

"In the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea." *Woolsey v. United States*, 2011 WL 195412, at *2 (M.D. Fla. Jan. 20, 2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). "Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea." *Sinkfield v. U.S.*, 2013 WL 2659925, at *5 (S.D. Ga. June 10, 2013) (citing *U.S. v. Broce*, 488 U.S. 563, 574 (1989)).

> Ordinarily, a defendant's knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings. But, a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself. Such an attack can be based upon ineffective assistance of counsel claims that go to the knowing and voluntary nature of the plea.

*Durhart v. U.S.*, 556 F. App'x 897, 898 (11th Cir. 2014) (citing *U.S. v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1994) and *Wilson v. U.S.*, 962 F.2d 996, 997 (11th Cir. 1992)).

The Constitution requires "that the defendant enter a guilty plea that is 'voluntary' and that

5

the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002) (citing *Brady v. U.S.*, 397 U.S. 742, 748 (1970)). A court accepting a guilty plea must ensure that a defendant "(1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *U.S. v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). The Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *See also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Petitioner is, in effect, attacking the voluntary and knowing nature of his guilty plea by arguing that Mr. Fitzgerald was ineffective while advising Petitioner about the consequences of accepting the plea agreement, which included a waiver of appeal. Petitioner appeared before the Honorable W. Louis Sands, U.S. District Judge, on November 15, 2013, to enter his guilty plea. (Doc. 46). The Court placed Petitioner under oath and informed Petitioner as to the charges to which Petitioner was pleading guilty and as to the maximum possible term of imprisonment. *Id.* at pp. 9-10. Petitioner testified that he understood the penalties that could be imposed. *Id.* at p. 10.

The Court asked Petitioner a series of questions regarding counsel's representation, including whether counsel explained the charges in the indictment and whether Petitioner and

6

counsel discussed Petitioner's legal and constitutional rights. *Id.* at p. 6. Petitioner answered both questions in the affirmative. *Id.* Petitioner testified that he had full and ample opportunity to read the plea agreement and fully discuss it with his attorney. *Id.* at p. 6. Petitioner testified that he believed he fully understood all of the terms of the plea agreement. *Id.* at pp. 6-7. No one forced, coerced, or threatened Petitioner to enter into a plea agreement. *Id.* at p. 7.

Petitioner testified that he understood that the Court determines Petitioner's sentence, and that recommendations are not binding on the Court. *Id.* Petitioner testified that no other assurance or promise had been made to him other than what was in the written plea agreement. *Id.* Petitioner testified that the agreement contained his signature and initials, and Petitioner had no question at all about what the agreement meant. *Id.* at p. 8. The Court also informed Petitioner that he would not be able to withdraw his guilty plea on the basis that the advisory guideline range differed from the range Petitioner expected. *Id.* at p. 22.

The Court explained the following:

> [U]nder this agreement, you are waiving or giving up your right to appeal any sentence the Court might hand down for a plea of guilty to Count One except for some specific circumstances, that's both direct appeal and indirect or collateral appeal of any sentence the Court might hand down. Of course, you would always have a right to appeal based on an allegation of ineffective assistance of counsel or prosecutorial misconduct.

*Id.* at pp. 24-25.

Petitioner testified that he understood. *Id.* at p. 25. The Court also informed Petitioner of his right to appeal a sentence more severe than the advisory guideline range. *Id.* The Court again informed Petitioner of the circumstances under which he was waiving his right to appeal forever, in any Court, the sentence resulting from his guilty plea. *Id.* at p. 26. Petitioner testified that he

understood. *Id.* Petitioner also responded "No, sir" to the question, "Do you have any question at all about what the waiver of appeal means?" *Id.*

The Government then read the Stipulation of Facts contained in Petitioner's Plea Agreement. *Id.* at pp. 27-29. Petitioner affirmed that the stipulation, with the adjustments set forth by defense counsel, was a fair statement of what actually occurred. *Id.* at p. 31. The Court ultimately accepted Petitioner's guilty plea, finding that there was a factual basis for the guilty plea and that the plea was freely and voluntarily entered. *Id.* at pp. 31-34

Petitioner's plea agreement contains the following waiver of appeal:

> [O]nce this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

(Doc. 20, pp. 5-6).

Petitioner attaches a letter from Mr. Fitzgerald to his Motion. (Doc. 49-1, p. 12). In the letter, Mr. Fitzgerald writes,

> I provided you with incorrect information at your plea. While I knew there was an appeal waiver in the plea agreement, I failed to research whether or not that appeal waiver also waived appeals of the sentencing guideline calculations. Based on my advice that even though there was a plea waiver, we could appeal the guideline calculation, you decided to plead guilty. Additionally, when the judge asked if you were aware of the plea waiver, I told you to say yes based on my incorrect assumption.

(Doc. 49-1, p. 12).

Ground One of Petitioner's Motion to Vacate fails on its merits. For an appeal waiver to be

8

enforced, the waiver must be

> knowing and voluntary. For a sentence appeal waiver to be knowing and voluntary, the government must show (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record is manifestly clear that the defendant otherwise understood the significance of the appeal waiver.

*U.S. v. Pruitt*, 348 F. App'x 513, 514-15 (11th Cir. 2009) (quoting *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). The Eleventh Circuit held in an unpublished opinion that an appeal waiver was agreed to knowingly and voluntarily where the government read the appeal waiver at the defendant's sentencing, and the defendant and his lawyer indicated their understanding of the plea agreement. *U.S. v. Odukoya*, 184 F. App'x 922, 924 (11th Cir. 2006). Here, the district judge explained the appeal waiver to Petitioner, and Petitioner twice represented to the Court that he understood the significance of the appeal waiver.

Furthermore, to the extent Petitioner argues that his plea agreement was unknowing and involuntary because he did not expect the sentence imposed, "where, as here, a court correctly advises a defendant at the plea colloquy about his potential sentence, including its possible maximum and minimum, a defendant generally cannot establish prejudice on an effective-assistance claim based on an erroneous sentence prediction." *Wilborn v. U.S.*, 2014 WL 3385307, at *8 (N.D. Ala. July 10, 2014) (citing *U.S. v. Pease*, 240 F.3d 938, 941-42 (11th Cir. 2001)). "Petitioner's alleged ignorance of his sentencing enhancements, even if true, fails to establish either ineffective assistance of counsel or that his guilty plea was not knowing or voluntary." *Gambrel v. U.S.*, 2013 WL 3934205, at *1 (S.D. Ga. July 30, 2013); *see U.S. v. Herrington*, 350 F. App'x 363, 369 (11th Cir. 2009) (holding that the petitioner failed to show that his plea was not entered knowingly and voluntarily because, although counsel had not told the

9

petitioner he could be subject to the career-offender enhancement, the court informed the petitioner that any sentencing estimates made by counsel were not binding on the court and informed him of the maximum possible penalties faced).

Here, the district judge informed Petitioner as to the charge to which Petitioner pleaded guilty and the maximum term of imprisonment. The district judge also twice informed Petitioner that he waived his right to appeal the guilty plea, except in the limited circumstance that the sentence exceeded the guideline range. Petitioner affirmed his understanding of the possible penalties that could be imposed and the scope of the appeal waiver. The evidence is that Petitioner's plea of guilty was knowingly and voluntarily entered. Petitioner had the opportunity at his change of plea hearing to object to the waiver of appeal in his plea agreement, but did not do so.

Accordingly, Petitioner has failed to establish that his plea, including the waiver of appeal, was not entered knowingly or voluntarily. Furthermore, even if Mr. Fitzgerald failed to correctly advise Petitioner as to the effect of the appeal waiver, Petitioner fails to demonstrate that he was prejudiced by counsel's alleged deficiency. As explained below, the Court did not err in calculating Petitioner's guideline range, thus Petitioner suffered no prejudice from Mr. Fitzgerald's advice that Petitioner could appeal errors in the guideline calculations. Furthermore, the district judge cured any alleged deficiency by Mr. Fitzgerald when he explained the effect of the waiver to Petitioner during the plea colloquy.

***Ground Two: Calculation of the Guidelines Range***

Petitioner also argues that the Court incorrectly calculated Petitioner's guideline sentencing range. (Doc. 49). Petitioner maintains that

> [t]he three counts in my indictment were for three unrelated incidents separated by large periods. I pled guilty, on incorrect

> advice of counsel, to count one. At sentencing, over my objection, the Court included conduct from counts 2 and 3 as relevant conduct, thereby increasing my guideline range from 18-24 months to 87-108 months.

(Doc. 49, p. 5).

Petitioner raised this ground on appeal. *Id.* Respondent argues that the district court properly took into account relevant conduct in calculating the guideline range. (Doc. 53, p. 10).

In his Plea Agreement, Petitioner agreed that the facts giving rise to Counts Two and Three of the Indictment would be considered in determining Petitioner's sentence, pursuant to relevant conduct under U.S.S.G. § 1B1.3. (Doc. 20, p. 12). According to Petitioner's presentence investigation report, "relevant conduct is a factor considered in determining the Base Offense Level, Specific Offense Characteristics, Chapter 2 cross references, and Chapter 3 adjustments. In determining each, all actions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant are considered." (Doc. 25, ¶ 17).

The Plea Agreement sets forth that the facts giving rise to Counts Two and Three of the Indictment constituted relevant conduct under § 1B1.3 of the sentencing guidelines. (Doc. 20, pp. 12-13). Petitioner is not alleging that he was sentenced above the guidelines range, but instead that the guideline range was improperly calculated because the facts giving rise to Counts Two and Three of the Indictment do not constitute "relevant conduct." (Doc. 49-1). Petitioner's attorney raised this objection at Petitioner's sentencing hearing. (Doc. 47, p. 3). Mr. Fitzgerald argued that the three instances where Petitioner possessed firearms occurred at different locations, at different times, and with different guns. (Doc. 47, pp. 3-6). Mr. Fitzgerald reasoned that "it doesn't seem like they are part of the same common scheme or plan, and they are not also part of the same course of conduct." (Doc. 47, p. 5).

11

The Court overruled Mr. Fitzgerald's objection.

> THE COURT: . . . I think here, the discreet facts that you point to in connection with other conduct or other crimes, are those things that don't have anything to do with possession of a firearm necessarily in each event. In other words, I don't think it turns on what he did with a particular weapon or not on a given day that makes a distinction, I think the crime here is that of possession of a firearm by a convicted felon, it is a status offense. And I think what happens is that he's just continuously in possession of firearms on different occasions over a period of time. And I think that's the driving factor here that the Court looks to for relevancy, and not to other discreet facts related to those – to that possession of firearms. And I think that's the reasonable use of interpretation of the applicable guidelines.
>
> Also the Court notes that the defendant, in his own plea agreement . . . stated that the conduct of the dismissed counts, that is, pursuant to relevant conduct under USCG 1B1.3, the following facts are to be considered in determining the defendant's sentence. And the paragraph that follows that says that – refers to the – and explains the facts set out in the dismissed counts which are, now, being objected to. I'm thinking on either basis, though, for purposes of other offenses that might be related to the status of possession of a firearm by a convicted felon might be in other circumstances not be related to each other. I think here that the relevant conduct is properly counted, and for that reason the Court would overrule the objection.

(Doc. 47, pp. 6-7).

"Offenses 'qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.'" *U.S. v. Jones*, 367 F. App'x 109, 111 (11th Cir. 2010) (quoting U.S.S.G.§ 1B1.3, cmt. n. 9(B)). When determining whether offenses are part of the same course of conduct, the Court may consider the "'distinctive similarities between the offense of conviction and the remote conduct that signal they are part of a single course of conduct rather than isolated unrelated events that happen only to be similar in kind,' as well as the regularity and temporal proximity between the two offenses." *Jones*, 367 F. App'x at 111 (quoting *United States v.*

12

*Maxwell*, 34 F.3d 1006, 1011 (11th Cir. 1994)). The Eleventh Circuit held in an unpublished decision that "[t]hough the firearms were different types of weapons and were originally charged as separate offenses," the district court did not clearly err in applying the enhancement when the possession of a revolver and possession of a rifle were both felon-in-possession offenses, occurred only ten months apart, and occurred where the defendant slept at the relevant time. *Jones*, 367 F. App'x at 111-12; *see also U.S. v. Phillips*, 516 F.3d 479, 482-485 (6th Cir. 2008) (holding the district court did not err in finding that the defendant's 2002 and 2006 possession of firearms were part of the same course of conduct as his 2004 felon-in-possession charge because, despite the time lapse, there was substantial similarity between the incidents and the defendant indicated he carried firearms regularly); *United States v. Santoro,* 159 F.3d 318, 321 (7th Cir.1998) (possession of uncharged assault rifle along with two other weapons within a six- to nine-month period constituted relevant conduct); *United States v. Brummett,* 355 F.3d 343, 345 (5th Cir.2003) (upholding relevant conduct enhancement for possession of four firearms on three separate occasions within a nine-month period).

It does not appear that the district judge erred in concluding that the facts giving rise to Counts Two and Three of the Indictment constituted "relevant conduct" for sentencing purposes, especially in light of the fact that Petitioner agreed in the plea agreement to such conduct being considered as relevant conduct.

## Conclusion

Petitioner has failed to demonstrate by a preponderance of the evidence that his attorney rendered ineffective assistance of counsel. Nor has Petitioner shown that the Court improperly considered the facts giving rise to Counts Two and Three of the Indictment to be relevant conduct

13

for sentencing purposes. Thus, the undersigned recommends that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 49) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 27th day of January, 2016.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE