**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JAMES L. STILLWELL, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No.: 1:13-cr-33 (WLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is a January 27, 2016 Recommendation from United States Magistrate Judge Thomas Q. Langstaff. (Doc. 58.) After ordering a response brief from the Government and reviewing the record and briefing, Judge Langstaff recommends denying Petitioner James L. Stillwell, Jr.'s 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct His Sentence (Doc. 49). Judge Langstaff noticed the Parties of the fourteen day deadline for filing objections to his recommendation. (Doc. 58 at 14.) After receiving an extension of the deadline, Stillwell filed objections on March 7, 2016. (Doc. 61.)

Stillwell's Motion to Vacate asserts two grounds for relief: (1) ineffective assistance of counsel based on his trial court counsel's alleged incorrect advice that Stillwell would be able to appeal an erroneous sentencing guideline range calculation and that Stillwell's sentence range would be eighteen to twenty-four months, and (2) the Court's erroneous consideration of relevant conduct in calculating Stillwell's guideline range. (*See generally* Doc. 49-1.) In his objections, Stillwell objects to Judge Langstaff's findings and conclusions on those two grounds for relief, Judge Langstaff's determination that an evidentiary hearing was not necessary, and Judge Langstaff's recommendation that the undersigned deny Stillwell a certificate of appealability. (Doc. 61.)

## I.      Stillwell's Challenge to the Court's Guideline Range Calculation

Stillwell challenges his sentence, arguing that the Court improperly considered the conduct alleged in Counts Two and Three of the Indictment as relevant conduct when calculating Stillwell's sentencing guideline range. However, Stillwell's objections focus primarily, if not entirely, on Judge Langstaff's findings and conclusions regarding Stillwell's ineffective assistance of counsel claim. (*See generally* Doc. 61.) The Court notes that the plea agreement, signed by Stillwell, explicitly stated that the facts related to Counts Two and Three of the Indictment were to be considered relevant conduct under U.S.S.G. § 1B1.3. (Doc. 20 at 12.) This portion of the plea agreement was read aloud during Stillwell's change of plea hearing. (Doc. 46 at 28.) In his Recommendation, Judge Langstaff quotes the undersigned's reasoning in concluding that the conduct alleged in Counts Two and Three and stipulated to in the plea agreement was appropriately considered relevant conduct. (Doc. 58 at 12.) Judge Langstaff further cited case law supporting the undersigned's conclusion. The Court finds that the firearms offenses alleged in Counts Two and Three and stipulated to in the plea agreement were "sufficiently connected or related to" the Count One conduct to which Stillwell pleaded guilty. *United States v. Jones*, 367 F. App'x 109, 111 (11th Cir. 2010) (quoting U.S.S.G. § 1B1.3, cmt. n. 9(B)). The Court concludes that Stillwell's second basis for vacating his sentence fails on the merits because the Court did not err in considering the Counts Two and Three conduct as relevant conduct for sentencing guidelines purposes. The Court therefore **OVERRULES** Stillwell's objections to the extent he objects to Judge Langstaff's recommendation that the Court find that it did not err in applying the sentencing guidelines.

## II.     Stillwell's Ineffective Assistance of Counsel Claim

Stillwell also moves to vacate his conviction based on the argument that he would not have entered a guilty plea to Count One but for his counsel's erroneous advice that he would be able to appeal the Court's guideline range calculation and that the guideline range for the offense would be eighteen to twenty-four months. (*Id.* at 4 (asserting that counsel informed him "that the sentence guideline would be 18-24 months and that if the guideline calculation differed[,] the Petitioner would maintain his appeal rights –even though an appeal waiver was

included in the plea").) Stillwell states in his objections that "[h]e would have insisted on going to trial had he known that the conduct contained in the dismissed counts would be used to raise his sentence from the 18-24 months range to 108 months, just 12 months shy of the statutory maximum." (Doc. 61 at 10.)[1]

As Judge Langstaff explained, "In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance." (Doc. 58 at 4 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).). The petitioner must establish ineffective assistance of counsel by a preponderance of the evidence. *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010). And in the context of a guilty plea, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Stillwell argues that he suffered prejudice because he would not have pleaded guilty to Count One at all had he known that his sentencing guidelines would have been inflated by the relevant conduct and that he would not be able to appeal that issue. Thus, Stillwell asserts he would have gone to trial instead. However, in accordance with Judge Langstaff's findings, the Court finds that even if Stillwell's counsel incorrectly advised Stillwell that his guideline range would be 18 to 24 months and that he would be able to appeal his sentence, both the plea agreement itself and the Court's colloquy at the change of plea hearing were sufficient to notify Stillwell that this advice was incorrect and to confirm that Stillwell was in fact aware of his appeal rights and of the possibility that his sentence could exceed the 18 to 24 month range his counsel allegedly predicted.

The plea agreement, signed by Stillwell and which Stillwell stated on the record that he had read, states the maximum penalty for Count One is ten years and at the change of plea hearing, the Court orally stated the maximum penalty. The plea agreement also states,

---

[1] The Court notes that in his objections, Stillwell also argues that his § 2255 petition is properly before the Court because his appeal waiver included an exception for ineffective assistance of counsel claims. Neither Judge Langstaff nor the undersigned have found that Stillwell's § 2255 is not properly before the Court. (Doc. 61 at 2-3.)

"Pursuant to relevant conduct under U.S.S.G. § 1B1.3, the following facts are to be considered in determining Defendant's sentence . . ." and recounts the facts alleged in Counts Two and Three of the Indictment. (*Id.* at 12.) Finally, the plea agreement makes clear that Stillwell would not be able to appeal a sentence within the guideline range but only one that exceeded the guideline range. (*Id.* at 5-6.)

During the November 15, 2013 change of plea hearing, the Court explained to Stillwell the waiver of appeal contained in the plea agreement to Stillwell. (Doc. 46 at 24-25.) The undersigned described three circumstances in which Stillwell would be able to appeal, none of which included a sentence within the guideline range that was not appealed by the Government, and said, "Except for those three general circumstances I just explained to you . . . you are waiving or giving up your right to appeal forever." (*Id.* at 26.) Stillwell stated that he understood the appeal waiver and that he had no questions. (*Id.* at 24-26.) The Government then read on the record the stipulation of facts, including the portions related to relevant conduct. (Doc. 46 at 28-29.) The Court asked Stillwell's attorney, Mr. Fitzgerald, if he believed that was be the evidence the Government could present at trial, and Fitzgerald said yes with a few insubstantial factual corrections. (*Id.* at 29-31.) Additionally, at the beginning of the change of plea hearing and at the Court's request, counsel for the Government stated that the maximum possible sentence for Stillwell's offense was ten years imprisonment. (*Id.* at 2.) Later during the plea colloquy, the Court again informed Stillwell that the maximum possible penalty was ten years and asked Stillwell if he understood that this was the maximum possible penalty for the offense. Stillwell responded, "Yes, sir." (*Id.* at 9-10.) The Court also explained to Stillwell that sentencing is the Court's decision and that recommendations are not binding on the Court; Stillwell stated that he understood that. (*Id.* at 7.)

The Court finds that Stillwell has not established by a preponderance of the evidence that he would have pleaded differently but for his counsel's alleged erroneous sentence prediction because the plea agreement and the plea colloquy both informed Stillwell of the possible sentence he was facing –a maximum of ten years. *See Harris v. United States*, 769 F.2d 718, 720-21 (11th Cir. 1985) (holding that where an attorney incorrectly predicted parole

consequences but the petitioner was correctly informed of potential parole consequences on the record, the petitioner had "ample opportunity to be aware" of the consequences); *Johnson v. United States*, 2009 WL 995472 at *5 (M.D. Fla. Apr. 13, 2009) ("Disappointed expectations do not equate to an involuntary and unknowing guilty plea or, for that matter, a bona fide claim of ineffective assistance, considering Petitioner's thorough and comprehensive plea colloquy.").

The Court further finds that the plea agreement and the plea colloquy both informed Stillwell of the details and implications of his appeal waiver. The Court finds that Stillwell's signing the plea agreement and the Court's explanations and inquiries regarding the appeal waiver during the change of plea hearing overcame any incorrect advice given to Stillwell by his attorney. In other words, Stillwell has not established that "but for" his counsel's incorrect advice about the appeal waiver he would not have pleaded guilty to Count One where he was subsequently informed multiple times that his counsel's advice was incorrect.

In his objections, Stillwell cites *Blackledge v. Allison*, which held, "[T]he barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable," and that his case is one of the rare ones that can surmount that barrier. 431 U.S. 63, 73-75 (1977); (Doc. 61 at 6). However, other than citing the purported letter from Mr. Fitzgerald, Stillwell offers no explanation for why he informed the Court that he understood the terms of the plea agreement as written and as the Court explained them even though he allegedly continued to believe his counsel's erroneous advice. In his objections, Stillwell claims that the letter from Fitzgerald is what distinguishes his "claim from the run-of-the-mill 'involuntary/unknowing plea' assertion." (Doc. 61 at 5.) In the letter, Fitzgerald purportedly writes, "Additionally, when the judge asked if you were aware of the plea waiver, I told you to say yes based on my incorrect assumption." (Doc. 49-1 at 12.) The Court finds that even if Fitzgerald instructed Stillwell to respond affirmatively when asked about the appeal waiver, Stillwell was informed via the plea agreement and the colloquy at his change of plea hearing about the details of the appeal waiver and the possible maximum sentence he faced, and he confirmed multiple times that he understood the appeal limitations and maximum sentence explained to him despite have being allegedly informed differently by his attorney. Stillwell

5

has not proved by a preponderance of the evidence that the plea agreement and colloquy were insufficient to overcome any misinformation or bad advice provided by counsel.

Finally, Stillwell argues that his plea was not voluntary because it was induced by promises from his attorney. (Doc. 61 at 7.) The Court finds that Stillwell's alleged incorrect advice was not an inducement since the plea agreement and the Court during its plea colloquy made clear the actual contours of the appeal waiver and that Stillwell's sentence was capped at ten years and would be for the Court alone to decide. In other words, Stillwell was informed after he received advice from counsel that nothing his counsel or anyone else had promised would be binding on the Court, and Stillwell acknowledged that he understood this. (Docs. 20 at 10-11; 46 at 7.)[2] The Court finds that Stillwell has not proven that his counsel's incorrect advice continued to operate as an inducement after Stillwell was informed and acknowledged on the record the realities of his appeal waiver and maximum possible sentence.

In sum, the Court finds that Stillwell has not established by a preponderance of the evidence that but for his attorney's alleged incorrect advice, presumed by the Court to have been given for purposes of this Order, he would not have pleaded guilty to Count One of the Indictment. The Court further finds that Stillwell's guilty plea was voluntary, knowing, and intelligent and made "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The Court therefore **OVERRULES** Stillwell's objections to Judge Langstaff's findings and conclusions regarding the effectiveness of Stillwell's counsel and the voluntary, knowing, and intelligent nature of Stillwell's guilty plea.

## III.   Judge Langstaff's Determination that an Evidentiary Hearing Was Not Necessary

Judge Langstaff determined that an evidentiary hearing on Stillwell's Motion to Vacate was not necessary, finding "the record herein is sufficient to show that Petitioner's

---

[2] The Court also notes that Stillwell cites *Libretti v. United States*, 516 U.S. 29, 50-51 (1995), a Supreme Court case addressing the extent to which Federal Rule of Criminal Procedure 11's procedural requirements apply in the context of a guilty plea that includes a stipulation that certain assets are forfeitable. (Doc. 61 at 8.) The Court finds that *Libretti* is inapposite.

claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record." (Doc. 58 at 3.) Stillwell objects to this finding, citing to the letter from his attorney as evidence that supports his claim. (Doc. 61 at 10-11.) However, Stillwell does not state that there is additional evidence not in the record that he would have wanted to introduce at an evidentiary hearing. Rather, Stillwell argues, "[a]n evidentiary hearing should be conducted so the Court can assess the credibility of the parties." (*Id.* at 11.) Judge Langstaff's Recommendation and the undersigned's findings and conclusions made herein assume that the letter from Attorney Keith Fitzgerald is authentic and credible evidence. The Court concurs with Judge Langstaff's finding that the record as it stands, including the letter from Attorney Fitzgerald, is sufficient to show that Stillwell's claim lacks merit and are otherwise affirmatively contradicted. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). Stillwell's objection as to that matter is therefore **OVERRULED**.

## IV.    Conclusion and Certificate of Appealability

Upon full review and consideration of the record, the Court finds that Judge Langstaff's January 27, 2016 Recommendation (Doc. 58) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made and reasons stated herein. Stillwell's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct His Sentence (Doc. 49) is **DENIED**.

Judge Langstaff found that Stillwell has not made a substantial showing of the denial of a constitutional right and recommended that the undersigned deny Stillwell a certificate of appealability. (Doc. 58 at 14 (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).) Stillwell objected to this portion of the Recommendation as well, arguing, "[A] COA should be issued because reasonable jurists have concluded that a plea collo[q]uy does not necessarily foreclose a collateral attack on the voluntariness of the plea." (Doc. 61 at 13.) Stillwell further argues, "A COA should be issued because reasonable jurists have concluded that the prejudice prong of the Strickland test is satisfied where a petitioner asserts that but for the ineffectiveness of his lawyer he, the petitioner, would not have pleaded guilty and would have insisted on going to trial." (*Id.*)

The Court disagrees that other courts have found that the first *Strickland* prong was satisfied where a petitioner merely *asserted* that he would not have pleaded guilty but for his counsel's ineffectiveness. Rather, § 2255 petitioners bear the burden of *proving* by a preponderance of the evidence, not merely *asserting* or *alleging*, the *Strickland* prongs. *Ward*, 592 F.3d at 1163. Stillwell points to no analogous cases in which courts have found that an admission by counsel of his error was sufficient to render a guilty plea involuntary despite a detailed plea agreement and plea colloquy. The Court therefore **DENIES** Stillwell a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO ORDERED**, this 20th day of April, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**